IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE BRIDGES,

   Plaintiff,       No. CIV S-09-0940 DAD P

  vs.

SUZAN L. HUBBARD, et al.,

   Defendants.     ORDER

_____/

   Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed November 2, 2009, plaintiff's first amended complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed a second amended complaint.

**SCREENING REQUIREMENT**

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7  Cir. 1989); Franklin, 745 F.2d at 1227.
8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
9  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
11 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
12 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must
13 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
14 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell
15 Atlantic, 550 U.S. 555.  In reviewing a complaint under this standard, the court must accept as
16 true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees,
17 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and
18 resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
19    The Civil Rights Act under which this action was filed provides as follows:
20    Every person who, under color of [state law] . . . subjects, or causes
      to be subjected, any citizen of the United States . . . to the
21    deprivation of any rights, privileges, or immunities secured by the
      Constitution . . . shall be liable to the party injured in an action at
22    law, suit in equity, or other proper proceeding for redress.
23 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
24 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
25 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
26 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

2

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**BACKGROUND**

In his second amended complaint, plaintiff names S. Hubbard, R.K. Wong, R.S. Johnson, D.J. Davey, G. Marshall, R. Ivicevich, R. Marquez, J. Marsh, and J. Crandell as defendants. Plaintiff alleges that on April 4, 2005, he received a prison rules violation report ("RVR") charging him with conspiracy to murder peace officers. According to plaintiff, the charge against him was fabricated and ultimately dismissed. However, on August 9, 2005, defendant Wong re-issued the RVR, and on December 27, 2005, defendant Ivicevich conducted an administrative hearing with respect to the charge. Plaintiff alleges that defendant Ivicevich falsely reported that plaintiff had approved of the defendant's use of documents from defendants Marshall and Marquez, which were deemed "illegal" at a previous disciplinary hearing. Based in part on these challenged documents, defendant Ivicevich found plaintiff guilty of the rule violation as charged and referred him to the Inmate Classification Committee ("ICC"). Although plaintiff did not forfeit any good-time credits due to a time-constraint violation, the ICC assessed him a forty-eight month security housing unit term and transferred him to CSP-Corcoran to serve that disciplinary term. (Compl. Attach. at 7-12 & Ex. P.)

/////

**DISCUSSION**

The allegations in plaintiff's second amended complaint remain so vague and conclusory that the court is still unable to determine whether the current action is frivolous or fails to state a claim for relief. The second amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity the overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the second amended complaint must be dismissed. In the interests of justice, the court will grant plaintiff leave to file a third amended complaint.

If plaintiff elects to file a third amended complaint, he is advised of the following legal standards that govern the claims that he is attempting to present. First, in the prison context, a viable First Amendment retaliation claim entails five elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). Thus, in a third amended complaint, plaintiff must specifically explain the reason why defendants retaliated against him, how the retaliatory disciplinary hearing chilled the exercise of plaintiff's First Amendment rights, and why the retaliatory disciplinary hearing did not reasonably advance a legitimate correctional goal.

Second, plaintiff appears to claim that the disciplinary hearing at issue violated his rights under the Due Process Clause. One alleging a due process violation must demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Ky.

4

Dep't of Corr. v. Thompson, 490 U.S. 454, 459-60 (1989); see also McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002). In his second amended complaint, plaintiff sufficiently alleges facts showing that the procedures relating to his disciplinary hearing were deficient. However, plaintiff fails to first allege any facts demonstrating that he was deprived of a liberty or property interest protected by the Due Process Clause. Therefore, in a third amended complaint, plaintiff should allege facts demonstrating how the conditions of his forty-eight month confinement in security unit-housing imposed an "atypical and significant hardship" on him in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 485 (1995); Resnick v. Hayes, 213 F.3d 443, 448 (9th Cir. 2000) (finding that placement in a secured housing unit did not give rise to a liberty interest because plaintiff failed to allege that his conditions of confinement were materially different from those imposed on other inmates in administrative segregation or general prison population).

      Plaintiff is finally informed that the court cannot refer to prior pleadings in order to make his third amended complaint complete. Local Rule 220 requires that the third amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, if plaintiff files a third amended complaint each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

      Accordingly, IT IS HEREBY ORDERED that:

      1. Plaintiff's April 16, 2010 second amended complaint (Doc. No. 26) is dismissed;

      2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must

1  bear the docket number assigned to this case and must be labeled "Third Amended Complaint";
2  failure to file a third amended complaint in accordance with this order will result in a
3  recommendation that this action be dismissed without prejudice; and
4             3. The Clerk of the Court is directed to send plaintiff the court's form for filing a
5  civil rights action.
6  DATED: April 27, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
brid0940.14a(2)