1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIE BRIDGES,

11              Plaintiff,                     No. CIV S-09-0940 GEB DAD P

12       vs.

13   SUZAN L. HUBBARD, et al.,

14              Defendants.                    <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  Plaintiff

17   seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court are several of plaintiff's

18   motions.

19          First, plaintiff has filed a motion for an extension of time to conduct discovery.

20   Defendants have not opposed or otherwise responded to plaintiff's motion.  Good cause

21   appearing, for the reasons discussed below, the court will grant plaintiff as well as all of the

22   parties in this action additional time to conduct discovery.

23          Second, plaintiff has filed two virtually identical motions for the court to "re-

24   issue" the scheduling order in this case.  At the time the court issued the scheduling order, seven

25   of the eight defendants had answered plaintiff's amended complaint.  Defendant Marquez had

26   not made an appearance yet.  On June 1, 2011, defendant Marquez filed an answer.  Good cause

1

1   appearing, the court will grant plaintiff's motions and issue a new discovery and scheduling order

2   in light of defendant Marquez's appearance in this case.

3            Finally, plaintiff has filed a motion for a court order requiring the California

4   Department of Corrections and Rehabilitation to allow him to communicate with potential third-

5   party inmate witnesses.  California Code of Regulations title 15, § 3139 provides in part:

> Inmates shall obtain written authorization from the Warden/Regional Parole Administrator or their designee/assigned probation officer, person in charge of the County Jail and/or other State Correctional Systems, at a level not less than Correctional Captain/Facility Captain or Parole Agent III, to correspond with any of the following:
>
> (1) Inmates under the jurisdiction of any county, state or federal, juvenile or adult correctional agency.
>
> (2) Persons committed to any county, state or federal program as a civil addict.
>
> (3) Persons on parole or civil addict outpatient status under the jurisdiction of any county, state or federal, juvenile or adult correctional agency.

15   Plaintiff has not indicated whether he has availed himself, or attempted to avail himself, of the

16   process provided by the California Code of Regulations to obtain approval to correspond with his

17   potential third-party inmate witnesses.  Accordingly, the court will deny plaintiff's motion

18   without prejudice.  If plaintiff attempts to engage in communications with his potential third-

19   party witnesses by following the proper procedures outlined above and is denied access or is

20   otherwise not able to effectively communicate with his potential witnesses, and those

21   communications are necessary to prosecute this cause of action, plaintiff may renew his motion.

22   In any renewed motion, however, plaintiff will need to describe his attempts to avail himself of

23   the process provided above, explain how the process failed him, and elaborate on why the

24   communication with any potential third-party witness is relevant to this cause of action.  Plaintiff

25   is cautioned that this court does not have jurisdiction in this action over anyone other than

26   /////

1    plaintiff and defendants.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112

2    (1969).

3                 Accordingly, IT IS HEREBY ORDERED that:

4                 1.  Plaintiff's motion for an extension of time to conduct discovery (Doc. No. 66)

5    is granted;

6                 2.  Plaintiff's motions to "re-issue" a scheduling order in light of defendant

7    Marquez's appearance in this action (Doc. Nos. 67 & 68) are granted.

8                 3.  The court's March 17, 2011 discovery and scheduling order is vacated.  The

9    court will issue a separate discovery and scheduling order with new discovery and pretrial motion

10    cut-off dates; and

11                 5.  Plaintiff's motion for a court order allowing him to communicate with

12    potential thirty-party inmate witnesses (Doc. No. 69) is denied without prejudice.

13    DATED: August 8, 2011.

14

15

16    DAD:9
brid0940.mots

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26