1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIE BRIDGES,

11              Plaintiff,                No. CIV S-09-0940 GEB DAD P

12        vs.

13   SUZAN L. HUBBARD, et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  Plaintiff

17   seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court are several of the parties'

18   motions.

19        First, both parties have filed motions to modify the scheduling order in this case.

20   Plaintiff  has filed a motion for a sixty-day extension of time to file a motion to compel,

21   explaining that when he received defendants' responses to his discovery requests, he was unable

22   to timely file a motion to compel because he did not have access to the law library at the time.

23   Plaintiff contends that he needed access to the law library to conduct legal research and to make

24   copies.  Plaintiff has attached to his motion a Program Status Report from CSP-Solano, which

25   indicates that the prison was on a modified program at the time plaintiff received defendants'

26   /////

1    responses to his discovery requests and that access to the law library was limited.  Plaintiff has

2    also since filed a motion to compel.

3            Defendants have filed a motion to modify the scheduling order to permit their

4    filing of a motion for summary judgment beyond the current deadline for the filing of dispositive

5    motions.  According to defense counsel's declaration, counsel became ill in 2008 and was often

6    unable to work over the course of the following two years.  In December 2010, the cause of

7    counsel's illness was finally discovered and treated, and counsel was apparently healthy until

8    January 2012 when the symptoms began to recur.  Since that time, counsel has been out of the

9    office ill on several more occasions and now anticipates further absences in the future.

10           Both parties have shown good cause in their pending motions to modify the

11   scheduling order in this case.  See Fed. R. Civ. P. 16(f); Johnson v. Mammoth Recreations, Inc.,

12   975 F.2d 604, 607-08 (9th Cir. 1992).  Accordingly, the court will grant plaintiff's motion for an

13   extension of time to file a motion to compel and deem his motion to compel timely.  At this time,

14   however, the court will not rule on plaintiff's motion to compel.  Instead, because defendants

15   have not had an opportunity to respond to plaintiff's motion to compel the court will direct

16   defense counsel to file an opposition to plaintiff's motion within thirty days.  The court will also

17   grant defendants' motion for an extension of time to file a motion for summary judgment and

18   will direct counsel to file any dispositive motion within ninety days of the date the court rules on

19   plaintiff's motion to compel.[1]

20           Also pending before the court is plaintiff's renewed motion for a court order

21   allowing him to communicate with prisoners at other prisons and to seek declarations from any

22   eye witnesses to the events placed in question by this action.  As the court previously advised

23   plaintiff, California Code of Regulations title 15, § 3139 provides in part:

24
        _____

25      [1]  However, no further extensions of time will be granted for this purpose.  While
     sympathetic to counsel's medical condition, if that condition renders counsel unable to proceed
26   in keeping with this new schedule, it may be appropriate to have the case reassigned so that a
     motion for summary judgment may be filed in the time provided for herein.

1      Inmates shall obtain written authorization from the
Warden/Regional Parole Administrator or their designee/assigned
2      probation officer, person in charge of the County Jail and/or other
State Correctional Systems, at a level not less than Correctional
3      Captain/Facility Captain or Parole Agent III, to correspond with
any of the following:

4

5      (1) Inmates under the jurisdiction of any county, state or federal,
juvenile or adult correctional agency.

6      (2) Persons committed to any county, state or federal program as a
civil addict.

7

8      (3) Persons on parole or civil addict outpatient status under the
jurisdiction of any county, state or federal, juvenile or adult
correctional agency.

9

10 In a previous order, the court instructed plaintiff to attempt to avail himself of the process

11 provided by the California Code of Regulations to obtain approval to correspond with his

12 potential third-party inmate witnesses.  According to an exhibit plaintiff has attached to his

13 motion, on November 2, 2011, he attempted to obtain approval from prison officials by

14 submitting an inmate/parolee request form, asking to communicate with certain inmates

15 witnesses.  CCI Mann responded to the request by interviewing plaintiff and instructing him to

16 complete correspondence forms for inmate witnesses for Mann to process.  Plaintiff failed to do

17 so, however, and indicated that it would cause a delay that would interfere with his compliance

18 with court imposed deadlines.  Plaintiff is advised that this court has not imposed any deadline

19 on him in this regard.  Accordingly, the court will deny plaintiff's motion and direct him once

20 more to avail himself of the process provided by the California Code of Regulations if he wishes

21 to correspond with his potential third-party inmate witnesses.

22          Accordingly, IT IS HEREBY ORDERED that:

23        1.  Plaintiff's motion for an extension of time to file a motion to compel (Doc. No.

24 76) is granted.  Plaintiff's motion to compel is deemed timely;

25 /////

26 /////

1          2.  Defendants shall file a response to plaintiff's motion to compel within thirty

2  days of the date of this order.  Plaintiff shall file a reply, if any, in accordance with Local Rule

3  230(l);

4          3.  Defendants' motion to modify the scheduling order (Doc. No. 79) is granted.

5  Defendants shall file any dispositive motion within ninety days of the court issuing an order on

6  plaintiff's motion to compel; and

7          4.  Plaintiff's motion for a court order allowing him to communicate with

8  potential thirty-party inmate witnesses (Doc. No. 77) is denied.

9  DATED: March 19, 2012.

10

11

12                        DALE A. DROZD
                               UNITED STATES MAGISTRATE JUDGE

13  DAD:9
     brid0940.mots(2)

14

15

16

17

18

19

20

21

22

23

24

25

26