IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE BRIDGES,

        Plaintiff,                         No. CIV S-09-0940 GEB DAD P

    vs.

SUZAN L. HUBBARD, et al.,

        Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel.

**PLAINTIFF'S MOTION TO COMPEL**

        In his motion to compel, plaintiff seeks a court order compelling defendants to respond to his request for production of documents and to fully answer his propounded requests for admission and interrogatories. In plaintiff's view, all of his discovery requests are relevant to the claims he has presented in this action. (Pl.'s Mot. to Compel. at 1-3, Exs. A-C.)

        In opposition to plaintiff's motion to compel, defense counsel argues that defendants never received any request for production of documents from plaintiff. In addition, counsel argues that the defendants properly objected to plaintiff's requests for admission because they were unintelligible and unanswerable as worded. Defense counsel contends that she

referred plaintiff to the appropriate Federal Rule of Civil Procedure so that he could reformat his discovery requests in a way that would allow defendants to respond to them, but plaintiff made no attempt to cure the noted defects.  Finally, counsel contends that plaintiff's interrogatories were based on defendants' responses to the requests for admission.  Because defendants objected to each of plaintiff's requests for admission, they could not properly respond to any of plaintiff's interrogatories.  (Defs.' Opp'n to Pl.'s Mot. to Compel at 2-4.)

**DISCUSSION**

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b).  Under Rule 37 of the Federal Rules of Civil Procedure, the court may order a party to provide further responses to "an evasive or incomplete disclosure, answer, or response."  See Fed. R. Civ. P. 37(a)(3).

As to plaintiff's request for production of documents, the court will not order defendants to provide responses to these discovery requests.  In the pending motion, plaintiff claims that he gave his discovery requests to one Correctional Officer Emich on September 11, 2011, but he never received defendants' responses to them.  Meanwhile, defense counsel maintains that the defendants never received any request for production of documents from plaintiff.  Although plaintiff has attached a copy of his request for production of documents to his motion to compel, his request for production of documents does not contain a proof of service indicating that he served the discovery requests on the defendants.  Nor has plaintiff verified his motion to compel or submitted any independent evidence such as a signed declaration establishing that he properly served defendants with his request for production of documents. Because plaintiff has failed to demonstrate that he properly served defendants with his discovery requests, the court has no basis on which to grant this aspect of his motion to compel.  See, e.g., Palmer v. Crotty, No 1:07-CV-0148-LJO-DLB PC, 2010 WL 4279423 at *1 (E.D. Cal. Oct. 22, 2010) (denying motion to compel because plaintiff failed to submit any evidence that he served

discovery requests on defendant); Rider v. Yates, No. 1:07-cv-01516-SMS PC, 2010 WL 492697 at *1 (E.D. Cal. Feb. 5, 2010) (burden is on the moving party to provide the court with information necessary to make a ruling, including proof of service for discovery requests particularly when defendants contend they were not properly served).

Turning to plaintiff's requests for admission and interrogatories, as an initial matter plaintiff's motion to compel with respect to these discovery requests is inadequate. The court does not hold litigants proceeding pro se to the same standards that it holds attorneys. However, at a minimum, as the moving party plaintiff has the burden of informing the court why he believes the defendants' responses are deficient, why the defendants' objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action. See, e.g., Brooks v. Alameida, No. CIV S-03-2343 JAM EFB P, 2009 WL 331358 at *2 (E.D. Cal. Feb. 10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion."); Ellis v. Cambra, No. CIV F-02-5646 AWI SMS PC, 2008 WL 860523 at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified.").

Here, plaintiff has provided no specific arguments in support of his motion to compel and is essentially asking the court to make his arguments for him. The court will not examine each of plaintiff's discovery requests and each of the defendants' responses thereto in order to determine whether any of the defendants' responses are somehow deficient. It was plaintiff's burden to describe why the defendants' particular responses were inadequate. See, e.g., Williams v. Flint, No. CIV S 06-1238 FCD GGH P, 2007 WL 2274520 at *1 (E.D. Cal. Aug. 6, 2007) ("It is plaintiff's burden to describe why a particular response is inadequate. It is not enough to generally argue that all responses are incomplete.").

/////

Moreover, the court has conducted a cursory review of plaintiff's requests for admission, and defendants' objections appear to be well taken. Specifically, plaintiff's requests for admission are not properly formatted because the vast majority of them ask defendants questions that do not permit them to fairly admit or deny the requests for admission. For example, in his discovery requests to defendant Marquez, in Request for Admission No. 2, plaintiff asks "Before January 31, 2005, how many time[s] have you served as Lead investigator as LEIU agent?" Similarly, in Request for Admission No. 5, plaintiff asks "At 'HDSP' from January 30, 2005, to March 30, 2005, [h]ow many Black inmates were personally interviewed by you?" Likewise, in Request for Admission No. 17, plaintiff asks "How many alleged conspirators were documented in CDCR-1030 disclosure form dated February 25, 2005, as taken a VCSA examination?" Plaintiff asks the other defendants similar questions in his requests for admission propounded to them. Plaintiff's interrogatories ask defendants to answer questions based on their responses to his requests for admission. Because plaintiff has failed to adequately support his motion to compel and because defendants' objections based on plaintiff's failure to comply with Federal Rule of Civil Procedure 36 appear to be well taken, the court has no basis on which to grant this aspect of plaintiff's motion to compel.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (Doc. No. 78) is denied.

DATED: May 24, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brid0940.mtc