1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIE BRIDGES,

11           Plaintiff,                    No. 2:09-cv-0940 GEB DAD P

12       vs.

13   SUZAN L. HUBBARD, et al.,

14           Defendants.                   ORDER

15   _____/

16           Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  Plaintiff

17   seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court are several of plaintiff's

18   motions.

19                              **BACKGROUND**

20           In his third amended complaint, plaintiff alleges that white inmates attacked black

21   inmates on the yard at High Desert State Prison ("HDSP").  According to plaintiff, prison

22   officials knew of the planned attack and failed to take action to prevent it and then unfairly

23   punished black inmates in connection with the incident by thereafter placing them on an

24   extended lock-down.  Plaintiff alleges that he subsequently received a prison rules violation

25   report ("RVR") charging him with conspiracy to murder peace officers.  Defendant Davey had

26   received information from a confidential inmate source that black inmates, including plaintiff,

                                          1

were targeting several staff members for assault.  After twice re-issuing and rehearing the RVR, defendants found plaintiff guilty of the charge and referred him to the Inmate Classification Committee ("ICC").  The ICC assessed plaintiff a forty-eight month security housing unit (SHU) term and transferred him to CSP-Corcoran to serve that disciplinary term.  Plaintiff claims that defendants retaliated against him, engaged in a conspiracy to deprive him of his rights under the Fourteenth Amendment and Eighth Amendment, and subjected him to cruel and unusual punishment.  (Third Am. Compl. 5-19.)

**PLAINTIFF'S MOTIONS**

Plaintiff has filed two virtually identical motions for a court order allowing him to communicate with prisoners at other prisons and to seek declarations from any eye witnesses to the events placed in question by this action.  California Code of Regulations title 15, § 3139 provides in part:

> Inmates shall obtain written authorization from the Warden/ Regional Parole Administrator or their designee/assigned probation officer, person in charge of the County Jail and/or other State Correctional Systems, at a level not less than Correctional Captain/Facility Captain or Parole Agent III, to correspond with any of the following:
>
> (1) Inmates under the jurisdiction of any county, state or federal, juvenile or adult correctional agency.
>
> (2) Persons committed to any county, state or federal program as a civil addict.
>
> (3) Persons on parole or civil addict outpatient status under the jurisdiction of any county, state or federal, juvenile or adult correctional agency.

In previous orders, the court has instructed plaintiff to avail himself of the process provided for by the California Code of Regulations to obtain approval to correspond with his potential third-party inmate witnesses.  According to plaintiff's pending motions, he has attempted to avail himself of the process but has been unsuccessful.  Plaintiff contends that he has also sought relief through the prison administrative grievance process but has not received assistance through that

1  means either.  (Pl.'s Mots. for Decls. from Inmate Witnesses at 1-2.)

2           The court will deny plaintiff's motions for a court order.  As an initial matter, this

3  court does not have jurisdiction in this action over anyone other than plaintiff and defendants.

4  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  As such, the

5  court cannot order the California Department of Corrections and Rehabilitation ("CDCR") to

6  authorize plaintiff to communicate with inmates at other prisons as plaintiff requests.  At most,

7  the court can request the assistance of the director or other officials at CDCR.  However, under

8  the circumstances of this case, the court declines to do so.  Even if plaintiff has adequately

9  pursued the prison administrative procedures for authorization to communicate with inmates at

10  other prisons he has not shown this court that any such communications are necessary to

11  prosecute this action.  See Puckett v. Bailey, No. 1:10-cv-2145 LJO GBC (PC), 2012 WL

12  1196488, at *2 (E.D. Cal. Apr. 10, 2012) (denying plaintiff's motion to correspond with inmate

13  witnesses because he failed to show the prospective witnesses had relevant knowledge); Tilei v.

14  Wan, No. 1:06-cv-0776 OWW GSA, 2011 WL 121552, at *7 (E.D. Cal. Jan. 13, 2011) (same).

15           Specifically, in his pending motions plaintiff lists eight potential third-party

16  inmate witnesses and describes what he believes each of them could provide in terms of

17  testimony.  Plaintiff contends that these prospective witnesses can testify as to how the racial

18  attack between white inmates and black inmates took place, how prison officials treated them

19  during the extended lock-down, and how they too were falsely charged and convicted of rules

20  violations and transferred from HDSP.  However, this sort of testimony is not relevant with

21  respect to the question of whether defendants violated plaintiff's constitutional rights.  Rather,

22  this sort of testimony goes to whether defendants violated the constitutional rights of these

23  witnesses.  In this regard, plaintiff has not made an adequate showing that these potential third-

24  party inmate witnesses possess relevant evidence with regard to this action.  Moreover, to the

25  extent plaintiff is seeking bad character evidence, evidence of a defendant's character is not

26  /////

1    admissible to show that on a specific occasion he acted in accordance with that character. <u>See</u>

2    Fed. R. Evid. 404(b).[1]

3          Plaintiff has also filed a motion and "request for a ruling of summary judgment

4    reliefs" pursuant to Federal Rule of Civil Procedure 56. Plaintiff's motion is difficult to

5    decipher. However, plaintiff appears to believe that he is entitled to summary judgment in his

6    favor due to defendants' failure to file a motion for summary judgment after the court granted

7    them three extensions of time to do so. First, if defendants elected not to file a motion for

8    summary judgment, their decision to do so would not entitle plaintiff to judgment as a matter of

9    law. <u>See</u> Fed. R. Civ. P. 56(a) ("A party *may* move for summary judgment. . . .") (emphasis

10   added). Moreover, on October 8, 2012, the defendants timely filed their motion for summary

11   judgment. Upon review of the docket, however, the court observes that plaintiff has not opposed

12   that motion. Presumably, plaintiff was awaiting a ruling from this court on his motions for a

13   court order allowing him to communicate with inmates at other prisons. Having ruled upon

14   plaintiff's motions, the court will now order plaintiff to file an opposition to defendants' pending

15   motion for summary judgment within twenty-one days. Any failure on plaintiff's part to file an

16   opposition will be deemed as a statement of non-opposition to the defendants' motion for

17   summary judgment and shall result in a recommendation that this action be dismissed pursuant

18   Federal Rule of Civil Procedure 41(b).

19         Finally, plaintiff has filed a motion for a court-ordered settlement conference.

20   Plaintiff is advised that if this case survives summary judgment, the court will order the parties to

21

_____

22      [1] In his motions, plaintiff also requests a court-appointed "interpreter." Plaintiff would like the interpreter, which the court construes as a request to appoint an expert on plaintiff's

23   behalf, to review the documents in his central file and provide the court with an objective review of the racial attack between white and black inmates at HDSP. Although the court granted

24   plaintiff leave to proceed in forma pauperis, "'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress.'" <u>Tedder v. Odel</u>, 890 F.2d 210,

25   211 (9th Cir. 1989) (quoting <u>United States v. MacCollom</u>, 426 U.S. 317, 321 (1976). The expenditure of public funds for an "interpreter" or an expert witness is not authorized by the in

26   forma pauperis statute or any other statute. <u>See</u> 28 U.S.C. § 1915.

participate in a mandatory settlement conference as a matter of course.  At this time, however, such an order would be premature.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motions for a court order allowing him to communicate with prisoners at other prisons (Doc. Nos. 89 & 94) are denied;

2.  Plaintiff's motion and "request for a ruling of summary judgment reliefs" (Doc. No. 95) is denied;

3.  Plaintiff's motion for a court-ordered settlement conference (Doc. No. 98) is denied as premature;

4.  Plaintiff's requests for rulings on his pending motions (Doc. No. 99 & 100) are granted; and

5.  Plaintiff shall file an opposition to defendants' motion for summary judgment within twenty-one days of the date of service of this order.  Failure to file an opposition will be deemed as a statement of non-opposition and shall result in a recommendation that this action be dismissed pursuant Federal Rule of Civil Procedure 41(b).  Defendants shall file a reply, if any, in accordance with Local Rule 230(l).

DATED: March 21, 2013.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brid0940.mots(3)

5