UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BRIDGES, | No. 2:09-cv-0940 TLN DAD P |
| Plaintiff, | |
| v. | ORDER |
| SUZAN L. HUBBARD et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On February 18, 2014, the court scheduled this matter for jury trial on November 3, 2014 and ordered the parties to file pretrial statements. Instead of filing a pretrial statement, however, plaintiff has filed motions to reopen discovery and for appointment of counsel.

As to plaintiff's motion to re-open discovery, according to the court's discovery and scheduling order, the parties were required to complete discovery by November 28, 2011. More than two years have lapsed since discovery in this case closed, but plaintiff is only now seeking to reopen discovery. Plaintiff has failed to show good cause to modify the scheduling order. See Johnson v. Mammoth Re-creations, 975 F.2d 604, 608 (9th Cir. 1992); see also Zivkovich v. Southern California Edison Co., 302 F.3d 1080, (9th Cir. 2002) ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."). Accordingly, the court will deny plaintiff's motion to reopen discovery.

1         As to plaintiff's motion for appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

        The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

        Under the circumstances of this case, the court will grant plaintiff an additional fourteen days to file and serve his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial.

        Accordingly, IT IS HEREBY ORDERED that:

        1. Plaintiff's motion to reopen discovery (Doc. No. 138) is denied;

        2. Plaintiff's motion for appointment of counsel (Doc. No. 139) is denied; and

        3. Plaintiff is granted fourteen days from the date of service of this order to file and serve his pretrial statement and any motions necessary to obtain the attendance of witnesses at trial. Within thirty days of service of plaintiff's pretrial statement, the defendant shall file his pretrial statement. The parties are advised that failure to file a pretrial statement may result in the imposition of sanctions, including dismissal of this action.

Dated: March 21, 2014

DAD:9
brid0940.41d

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE