UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BRIDGES, | No. 2:09-cv-0940 TLN DAD P |
| Plaintiff, | |
| v. | ORDER |
| SUZAN L. HUBBARD et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding pro se with a civil rights action, has filed three motions for appointment of counsel.

    The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

    The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances and will therefore deny plaintiff's motions for appointment of counsel.

In addition, when this matter was still set for a jury trial before the assigned District Judge, plaintiff filed two motions in limine.  (See Doc. Nos. 170 & 175.)  After those in limine motions were filed, the trial date was vacated and the jury trial in this case was rescheduled for January 13, 2015.  (See Doc. No. 180.)   The undersigned will direct the Clerk of the Court to terminate plaintiff's in limine motions at this time.  Those two in limine motions will be addressed by the assigned District Judge on the first day of trial in keeping with the Final Pretrial Order entered in this action.  (Doc. No. 151 at 12.)

Accordingly, IT IS HEREBY ORDERED that,

1.  Plaintiff's motions for the appointment of counsel (Doc. Nos. 177, 179 & 181) are denied.

2.  The Clerk of the Court is directed to terminate plaintiff's motions in limine (Doc. Nos. 170 & 175) and those motions will be addressed by the trial judge on the first day of trial.

Dated:  September 25, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
brid0940.31

2