UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BRIDGES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUZAN L. HUBBARD, et al.,<br><br>　　　　Defendants. | No. 2:09-cv-0940-TLN-EFB P (TEMP)<br><br>ORDER SETTING SETTLEMENT CONFERENCE |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  This matter is currently scheduled for jury trial on January 25, 2016 at 9:00 a.m. in Courtroom No. 2 before United States District Judge Troy L. Nunley.  Plaintiff has filed a motion for a court order referring this matter to alternative dispute resolution.  Plaintiff has also filed a motion to continue the jury trial to allow him additional to secure the attendance of unincarcerated witnesses at trial.

The court has determined that this case would benefit from a settlement conference. Therefore, the court will refer this case to Magistrate Judge Craig M. Kellison to conduct a settlement conference at the U.S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #1 on February 4, 2016 at 1:00 p.m.  In addition, the court will vacate the jury trial date set in this matter and vacate the writs to produce plaintiff and inmate Robert Johnson in court for the jury trial.  Finally, by separate order, the court will issue issue a writ of habeas corpus ad

testifcandum to obtain plaintiff's attendance in court for the settlement conference before Magistrate Judge Kellison.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Craig M. Kellison on February 4, 2016 at 1:00 p.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #1.
2. A representative with full and unlimited authority to negotiate and enter into a binding settlement on the defendants' behalf shall attend in person.[1]
3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.
4. Judge Kellison or another representative from the court will be contacting the parties either by telephone or in person, approximately one week prior to the settlement conference, to ascertain each party's expectations of the settlement conference.
5. The trial in this case, currently set to begin on January 25, 2016, and any other currently set deadlines, are vacated and will be reset if necessary at a future date.
6. The writ issued on December 22, 2015 for inmate Willie Bridges (CDCR # C-62349) and the writ issued on December 23, 2015 for inmate Robert Johnson (CDCR # C-19298) to appear at the trial are vacated.

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

7. Plaintiff's motion for a court order referring this matter to alternative dispute resolution (Doc. No. 191) is granted.

8. Plaintiff's motion for a continuance of trial (Doc. No. 192) is denied as having been rendered moot.

9. The Clerk of the Court is directed to serve a copy of this order by fax on the litigation coordinators at California State Prison, Los Angeles County, and San Quentin State Prison.

DATED: January 11, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE